IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER HESS,

    Plaintiff,

    v.

GREENWOOD COUNTY SHERIFF, et al.,

    Defendants.

Case No. 21-4034-JAR-ADM

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Jennifer Hess's Motion for Court Order Allowing Voluntary Dismissal Without Prejudice (Doc. 60). The motion is fully briefed and the Court is prepared to rule. For the reasons discussed below, the Court grants Defendant's request that conditions be placed on the dismissal without prejudice. Plaintiff's motion for dismissal without prejudice is therefore **deferred**. Plaintiff shall have until April 12, 2022, to withdraw her motion to dismiss without prejudice if she determines the condition are too onerous. Absent a motion to withdraw by this deadline, the Court will grant the motion in accordance with this Order.

**I.    Background**

This case was filed on May 20, 2021, alleging federal civil rights and state law claims on behalf of Plaintiff's deceased husband, Homer Wilson, who died in the custody of Defendant Greenwood County Sheriff on June 7, 2019. Defendant Christine Mouer is the only remaining Defendant in this action. She is a nurse who was employed at the Greenwood County Jail and is alleged to have provided medical treatment to the deceased at the jail before his death. Plaintiff alleges three claims against Mouer: Count II under 42 U.S.C. § 1983, for deliberate indifference

under the Fourteenth Amendment; Count VI for medical negligence under Kansas law; and Count VI, an alternative lost chance of recovery claim.

Plaintiff filed notices of voluntary dismissal for the other Defendants in this matter on August 11, 2021.[1]  Plaintiff and Defendant Mouer proceeded to conduct discovery, including serving interrogatories and taking depositions.  On November 29, 2021, Plaintiff designated Dr. Richard Inglese as an expert witness; he was noticed for deposition on January 25, 2022.  Defendant contends she expended a total of $5,384.50 in costs to depose Dr. Inglese and purchase the deposition transcript.

Soon after Dr. Inglese's deposition, Plaintiff filed the instant motion, seeking dismissal without prejudice because she "is abandoning her federal claims and will re-file in State Court."[2]

## II. Standard

Federal Rule of Civil Procedure 41(a)(2) controls voluntary dismissals after the opposing party has filed an answer and provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[3]  "Prejudice does not arise simply because a second action has been or may be filed against the defendant."[4]  Rather, the Tenth Circuit evaluates prejudice by considering "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient

---

[1] *See* Docs. 33–34.

[2] Doc. 60 at 1.

[3] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[4] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

explanation of the need for a dismissal; and the present stage of litigation."[5]  "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."[6]

Plaintiff moves to dismiss this action without prejudice on the basis that she intends to abandon her federal claims and refile in state court.  Defendant does not oppose dismissal without prejudice, but seeks to condition Plaintiff's voluntary dismissal without prejudice on Plaintiff being required to pay the costs Defendant incurred in deposing Dr. Inglese in this matter if Plaintiff brings a subsequent action against Defendant Mouer seeking recovery related to the decedent's death, and does not designate Dr. Inglese as an expert in that action.

The Court agrees with Defendant that Plaintiff's motion for voluntary dismissal will cause Defendant legal prejudice if Plaintiff files a new lawsuit and designates a different medical expert.  Factors such as Defendant's effort and expense in preparing for trial, as well as the present stage of litigation, support this finding of prejudice.  Defendant expended $5,384.50 to depose Dr. Inglese and purchase his deposition transcript less than two months ago.  She would be required to duplicate this expense if Plaintiff opts to designate a different expert witness in a subsequent case.  Moreover, Plaintiff waited until well into discovery before moving to voluntarily dismiss.  Had she dismissed the case at an earlier stage of the litigation, these discovery expenses could have been avoided and the risk of duplication would have been lower.  The targeted and narrow condition related to Dr. Inglese's deposition addresses the actual prejudice to Defendant if required to duplicate discovery in a subsequent case, and seeks reimbursement of such duplicative expense in this case, not in a subsequent case.

---

[5] *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown*, 413 F.3d at 1124).

[6] *Id.* (quoting *Brown*, 413 F.3d at 1124).

Plaintiff replies that this condition should not be imposed because Defendant has argued in the past that the Court lacks subject matter jurisdiction. But this does not address the specific request for conditions in Defendant's response. The Court has not and does not pass on the jurisdictional question, which is not at issue in this motion. If Plaintiff is suggesting that the Court must dismiss without prejudice for lack of subject matter jurisdiction, the Court finds this argument misplaced. To be sure, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter," based on lack of compliance with K.S.A. § 12-105b(d), a statute that requires a notice of claim to be submitted to governmental entities before a lawsuit may be filed against them. But the Court declines to take this issue up outside the context of a motion to dismiss. The Court cannot say from reviewing the pleadings alone that the case must be dismissed for lack of subject matter jurisdiction. And this is not a reason to deny Defendant's request that Plaintiff's dismissal without prejudice have conditions related to the costs Defendant expended on Dr. Inglese's deposition.

Because Plaintiff has the right to withdraw her motion to dismiss if she determines that the conditions imposed by the Court are onerous, the Court gives Plaintiff until April 12, 2022, to withdraw her motion. If Plaintiff does not withdraw her motion, then this Order granting her motion to dismiss without prejudice on the stated conditions will take effect. If Plaintiff does withdraw her motion, this Order will have no effect on the parties and the matters addressed herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Court Order Allowing Voluntary Dismissal Without Prejudice (Doc. 60) is **deferred**. Plaintiff has until April 12, 2022, to file a motion to withdraw the motion to dismiss without prejudice. If

4

Plaintiff has not withdrawn the motion to dismiss by the April 12 deadline, the Court will grant the motion to dismiss this case without prejudice subject to the condition that if Plaintiff does not designate Dr. Inglese as an expert in any subsequently-filed case against Defendant Mouer seeking recovery related to the decedent's death, Plaintiff must pay the costs Defendant Mouer incurred in deposing Dr. Inglese in this case and purchasing the transcript of that deposition.

**IT IS SO ORDERED.**

Dated: March 17, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE